Sara Sanders
2949 Playmore Beach Rd
Morganton, NC 28655
Phone: (828) 427-8658
Oregonhereicome@gmail.com

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

## STATESVILLE DIVISION

| | |
|---|---|
| SARA SANDERS,, <br><br> Plaintiff, <br><br> vs. <br><br> WESTLAKE SERVICES, LLC, <br> D/B/A WESTLAKE FINANCIAL SERVICES, <br><br> Defendant | Case No.: Number  5:26-CV-86-MEO <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Sara Sanders, proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This action arises from Defendant's repeated and intrusive telephone calls to Plaintiff's cellular telephone numbers in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 et seq.

2. On September 16, 2025, Plaintiff expressly revoked and limited consent regarding Defendant's telephone communications.

3. Beginning on September 17, 2025, and continuing thereafter, Defendant placed over 240 telephone calls to Plaintiff's cellular telephone numbers despite that revocation.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331.

5. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the calls were received in this District.

## III. PARTIES

7. Plaintiff Sara Sanders is a natural person residing in Morganton, North Carolina.

8. Defendant Westlake Financial Services, LLC is a business entity engaged in consumer financial services and debt-related communications and conducts business within North Carolina.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff's Telephone Numbers**

9. Plaintiff is the subscriber and regular user of cellular telephone number (828) 391-7040.

10. Plaintiff also maintained cellular telephone number (828) 427-8658.

**B. Revocation and Limitation of Consent**

11. On or about September 16, 2025, Plaintiff spoke with a representative of Defendant.

12. During that call, Defendant's representative asked whether (828) 427-8658 was an appropriate number to contact Plaintiff.

13. Plaintiff expressly stated that (828) 427-8658 was not to be used for contact.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

14. Plaintiff further stated that the only approved number for communication was (828) 391-7040.

15. Defendant's representative acknowledged these instructions and confirmed the limitation of contact.

16. Plaintiff thereby revoked consent to be contacted at (828) 427-8658 and limited communications to a single number.

17. Defendant had actual knowledge of Plaintiff's revocation and limitation of consent.

**C. Post-Revocation Call Activity**

18. Beginning on September 17, 2025, Defendant continued placing calls to Plaintiff's cellular telephone numbers, including (828) 391-7040 and (828) 427-8658, despite having been instructed that (828) 427-8658 was not to be used for contact.

19. Defendant placed over 240 telephone calls to Plaintiff after revocation of consent.

20. These calls were not isolated or occasional but occurred in repeated and patterned sequences.

21. Defendant placed multiple calls within the same day on numerous occasions.

22. Defendant placed calls separated by only minutes, including back-to-back attempts.

23. Defendant placed calls on consecutive days, demonstrating a sustained course of conduct.

24. By way of example, Defendant placed multiple calls within a single day and, on other occasions, placed calls minutes apart.

25. The frequency and pattern of these calls are not consistent with human, manual dialing.

26. Calls exhibited characteristics consistent with automated dialing systems, including:

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

a. delays before connection to a live agent;

b. dead air or silence upon answering;

c. repeated rapid dialing attempts within short intervals.

27. Upon information and belief, Defendant used equipment with the capacity to store telephone numbers and to dial such numbers automatically without human intervention.

28. Defendant continued calling after revocation of consent and after acknowledging Plaintiff's instructions.

**D. Harm to Plaintiff**

29. Defendant's repeated calls disrupted Plaintiff's daily activities and interfered with the normal use of her cellular telephone.

30. Plaintiff was required to repeatedly address incoming calls, including silencing or checking repeated call attempts.

31. The volume and frequency of the calls caused ongoing frustration, stress, and disruption.

32. The continued calls after revocation contributed to a persistent sense of intrusion.

33. Plaintiff faces a risk of continued harm absent court intervention.

## V. COUNT I — TCPA (47 U.S.C. § 227)

34. Plaintiff incorporates all preceding paragraphs.

35. Defendant made calls to Plaintiff's cellular telephone numbers using an automatic telephone dialing system.

36. Defendant made such calls without consent and after revocation of consent.

37. Defendant's conduct was knowing and willful.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

## VI. COUNT II — FDCPA (15 U.S.C. § 1692d)

38. Plaintiff incorporates all preceding paragraphs.

39. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

40. Upon information and belief, Defendant acted as a debt collector.

## VII. COUNT III — NORTH CAROLINA DEBT COLLECTION ACT

41. Plaintiff incorporates all preceding paragraphs.

42. Defendant engaged in unfair and harassing conduct, including repeated and excessive telephone communications after notice.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

A. Statutory damages under the Telephone Consumer Protection Act, including $500 per violation and up to $1,500 per violation for willful or knowing conduct, in an amount to be determined at trial;

B. Statutory damages under the Fair Debt Collection Practices Act, including all available damages under 15 U.S.C. § 1692k;

C. Actual damages and, where applicable, treble damages under the North Carolina Debt Collection Act;

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

D. Injunctive relief prohibiting Defendant from making further unlawful telephone calls to Plaintiff;

E. Costs of this action, and such other relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** 4/9/26

Respectfully submitted,

**Sara Sanders**
Plaintiff, Pro Se
2949 Playmore Beach Rd
Morganton, NC 28655
(828) 427-8658
Oregonhereicome@gmail.com

COMPLAINT AND DEMAND FOR JURY TRIAL - 6